AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

### DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

JOHNNIE MARTIN

**CRIMINAL COMPLAINT**

CASE NUMBER: MJ04-m-218 JLA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  January 5, 2004  in  Plymouth  county, in the  District of  Massachusetts  defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally distribute a controlled substance, to wit, cocaine

in violation of Title  21  United States Code, Section(s)  841(a)(1)

I further state that I am a(n)  Special Agent, ATF  and that this complaint is based on the following
                                  Official Title

facts:

See attached affidavit

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

05-20-2004                                                at                    Boston, Massachusetts
Date                                                                             City and State

JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE                           _____
Name & Title of Judicial Officer                         Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

(1)

## AFFIDAVIT

I, David P. Oliver, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since 1999. In that capacity, I investigate numerous violations of the federal firearms and narcotics statutes and have participated in numerous investigations relating to the unlawful possession of firearms and/or possession and sale of narcotics.

2. I am aware based on my training and experience that Title 21, United States Code, Section 841(a)(1) makes it a federal offense for any individual to distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

3. I submit this affidavit in support of a criminal complaint charging Johnnie Martin, DOB 11/1/76, with distribution of a controlled substance, to wit, cocaine, in violation of Title 21, United states Code, Section 841(a)(1).

4. The facts stated herein are based upon my own personal involvement in this investigation and my discussion with other law enforcement officers involved in this investigation, including members of the Brockton Police Department and the Massachusetts State Police. In submitting this affidavit, however, I have not included each and every fact known to me

about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

5. On January 5, 2004, WHC I and other members of law enforcement met with an individual then acting as a confidential informant, who has since become a cooperating witness (the "CW"). We understood through prior contact with the CW that he was in a position to purchase crack cocaine from Johnnie Martin (hereafter "Martin").

6. The CW told us, among other things, that Martin had given him a pager number, 508-800-6260, at which to contact Martin. At approximately 5:15 p.m., the CW placed a call to this number and provided a call-back telephone number. At approximately 5:37 p.m., this telephone rang and the CW answered. I listened to the ensuing conversation. The CW spoke with a male, whom he later identified as Martin, and said that he needed to meet with him. Martin told the CW to meet him at Bud's Variety, which is a business located at Warren Avenue and Nilson Street in Brockton, Massachusetts. The CW began to tell Martin what he wanted, but Martin told the CW not to talk over the telephone and that he would talk with the CW when they met in person.

7. Brockton Police Detective Eric Hilliard then searched the CW and the CW's vehicle. ATF Special Agent Kenneth Croke concealed an audio transmitting device on the CW's person, and I

provided the CW with $400.00 in U.S. currency. Between the three of us, we maintained a constant visual surveillance of the CW as he drove to the intersection where Bud's Variety is located. We also maintained an audio surveillance of what was occurring by means of the audio transmitting device. As the CW was proceeding to Bud's Variety, we heard him receive an incoming call and heard the CW report to the caller (whom the CW later told us was Martin) that he was right around the corner at Walgreen's and would be arriving in a couple of minutes.

8. Other members of law enforcement with whom we were working assisted us in setting up a surveillance of the vicinity of Bud's Variety. At approximately 5:55 p.m., I observed a black male wearing black clothing get into the CW's vehicle. The CW later confirmed that this was Martin. We overheard the CW telling Martin, among other things, that he only had $400.00. Martin told the CW, in substance, that he would meet the CW back at Bud's Variety in a couple of minutes, and then got out of the CW's vehicle and walked east on Nilson Street.

9. At approximately 6:04 p.m., ATF Special Agent John Pijica observed a man, whom the CW later confirmed was Martin, reapproach the area and get back into the CW's car. We overheard Martin telling the CW, in substance, that he had taken three grams out of a "half," which, based on my experience and training and my discussions with other members of law enforcement, I

3

understand to be a reference to half of an ounce, in this case of crack cocaine. We then observed and surveilled the CW as he drove his vehicle east down Nilson Street, with Martin still in it, and then let Martin out at the intersection of Nilson Street and Denton Street.

10.  At approximately 6:10 p.m., ATF Special Agent Robert J. White and Brockton Police Detective Joseph Cummings, who was familiar at the time with Martin's appearance, observed Martin just down the street from the intersection of Nilson Street and Denton Street, walking in the driveway of 35 Denton Street toward that residence. They also observed a red, four-door Toyota Camry bearing Massachusetts registration 16ME20 parked in front of the residence with one of the doors ajar. On two occasions subsequent to January 5, 2003, while participating in surveillances, I observed Martin either driving or riding as a passenger in this vehicle.

11.  After letting Martin out of his vehicle, the CW drove directly to a prearranged location and met with me, Special Agent Croke, and Detective Hilliard. The CW handed Detective Hilliard a plastic bag containing what appeared to be crack cocaine. Special Agent Croke removed the audio transmitter. I searched the CW's person, and Detective Hilliard searched the CW's vehicle, for money and/or contraband, with negative results.

12.  We then debriefed the CW. In substance and among other

4

things, the CW confirmed that a photograph of Martin depicted the person from whom he had just purchased crack cocaine. The CW also, in substance and among other things, provided details of his two meetings with Martin, including that upon arriving initially at the vicinity of Bud's Variety he saw Martin get out of a maroon, four-door vehicle, and that after the first meeting Martin got out of the CW's vehicle and walked back down Nilson Street to this maroon vehicle, which Martin then reentered and used to continue east on Nilson Street toward Main Street.

13. On or about February 17, 2004, the Massachusetts Department of Public Health State Laboratory Institute (the "State Drug Lab") analyzed the substance that the CW purchased from Martin on January 5, 2003 and found it to contain cocaine. It is my understanding that the substance has been resubmitted to the State Drug Lab to determine more specifically whether the substance contains cocaine base, or crack cocaine.

14. Based on all of the foregoing, I believe probable cause exists to conclude that on January 5, 2003, Johnnie Martin did distribute a controlled substance, to wit cocaine, in violation

of Title 21, United States Code, Section 841(a)(1).

                                                              David P. Oliver
                                                              Special Agent
                                                              Bureau of Alcohol, Tobacco,
                                                                    Firearms and Explosives

Sworn and subscribed to before me this 20 day of May, 2004.

                                                              JOYCE LONDON ALEXANDER
                                                              United States Magistrate Judge

**Criminal Case Cover Sheet**          **U.S. District Court - District of Massachusetts**

Place of Offense: _____  Category No. __II__  Investigating Agency __ATF__

City __Brockton__  Related Case Information:

County __Plymouth__  Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Johnnie Martin__  Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date (Year only): __1976__  SSN (last 4 #): __3273__  Sex __M__  Race: __Black__  Nationality: __U.S.__

Defense Counsel if known: _____  Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Robert E. Richardson__  Bar Number if applicable _____

Interpreter: ☐ Yes ☒ No  List language and/or dialect: _____

Matter to be SEALED: ☐ Yes ☒ No

☒ Warrant Requested  ☐ Regular Process  ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint  ☐ Information  ☐ Indictment

Total # of Counts:  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony __1__

Continue on Page 2 for Entry of U.S.C. Citations

☒ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: __5/20/04__  Signature of AUSA: _[signature]_

%JS 45 (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Johnnie Martin

### U.S.C. Citations

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 21 U.S.C. § 841(a)(1) | Distribution of controlled substance (cocaine) | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____

js45.wpd - 1/15/04 (USAO-MA)